'112 79|
'132 547'

## J. H. WADE

*v.*

## TOWN OF LA MOILLE.

*Filed at Ottawa September 27, 1884.*

1. CONSTITUTION—*when article prohibiting municipal aid to railway companies took effect.* The separate article of the constitution of 1870 which forbids a municipal corporation from making a subscription or donation to a railroad or private corporation, having been submitted, with other separate articles, to a vote of the people, and adopted with the main body of the constitution, became a part of the organic law of the State from and after July 2, 1870, and a constituent part of the same *eo instanti.*

2. MUNICIPAL BONDS—*constitutional prohibition.* Municipal bonds of a town were voted on August 6, 1870, and issued in aid of a railroad corporation: *Held,* in a suit on the same, that all previous laws that had authorized municipal corporations to vote aid to railroad or other private corporations, by donation or subscription, had ceased and become inoperative before the vote was taken, and that the bonds so issued were void, even in the hands of innocent holders for value, and no recovery could be had.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Bureau county; the Hon. FRANCIS GOODSPEED, Judge, presiding.

This suit was brought by J. H. Wade, in the circuit court of Bureau county, against the town of La Moille, to recover on ten bonds, and also the interest coupons thereto attached, issued by defendant on the first day of December, 1870, which bonds became due on the first day of December, 1880. The declaration contains one special count on the bonds and coupons, and also the consolidated common counts. It was stipulated by counsel, the bonds and coupons, and the interest thereon, constituted the only cause of action, as mentioned in the declaration. The demurrer to the special count of the declaration was sustained by the court, and plaintiff electing to abide by his declaration, judgment was rendered against him for costs, in favor of defendant. That judgment was affirmed in the Appellate Court, and plaintiff brings the case to this court on his further appeal.

Mr. GEORGE A. SANDERS, for the appellant:

The constitution of Illinois of 1870 went into effect on the 8th day of August,—two days after the election was held at which the bonds in controversy were voted. Const. 1870, schedule, secs. 1, 11, 12, 25; Governor's proclamation, 42-64; Gross' Stat. 1871; Hurd's Stat. 1880, p. 53; Cooley's Const. Lim. 67, 74; *People* v. *Draper*, 15 N. Y. 546; *People* v. *Potter*, 47 id. 377; *People* v. *Supervisors*, 3 Barb. 333; *Real* v. *People*, 42 N. Y. 270; *Richter* v. *Pappenhauser*, 42 id. 373; *People* v. *Norton*, 59 Barb. 169; *State* v. *Commissioners*, 37 N. J. L. 288; *Homestead cases*, 22 Gratt. 266; *People* v. *Gardner*, 45 N. Y. 816; *People* v. *Gardner*, 59 Barb. 198; *Charles* v. *Lamberson*, 1 Iowa, 443; *Manly* v. *State*, 7 Md. 135; *Bennett* v. *Bevard*, 6 Iowa, 89; *Scott* v. *Davenport*, 34 id. 211; *Gas Co.* v. *City*, 12 id. 233; *Cochran* v. *Taylor*, 13 Ohio St. 381; *White* v. *Hart*, 13 Wall. 646; *Wartman* v. *Philadelphia*, 33 Pa. St. 202; *Chance* v. *Marion County*, 64 Ill. 70; *Thompson* v. *Alexander*, 11 id. 142; *McHenry* v. *Trustees*, 68 id. 142; *People* v. *Supervisors*, 100 id. 495.

The constitution of 1870 not fixing, *in hæc verba,* a different day for the "municipal aid" article to go into effect, it must of necessity have followed the body of the constitution, and became operative on August 8, 1870, otherwise we have a connected whole going into operation in different parts. *Supervisors* v. *Keady,* 34 Ill. 296.

The defendant having voted to make the subscription, and its officers having executed and delivered the bonds, and the State Auditor having registered them on sworn statements of the supervisors, and the defendant having paid the interest for four years, should be estopped from denying their validity. *Knox County* v. *Aspinwall,* 21 How. 539 ; *Bissell* v. *Jeffersonville,* 24 id. 287 ; *Mercer County* v. *Hacket,* 1 Wall. 291 ; *Stephenson* v. *Schenck,* 5 id. 772 ; *Pendleton County* v. *Amy,* 13 id. 305 ; *Harter* v. *Kernochan,* 103 U. S. 278 ; *Bonham* v. *Needles,* id. 648 ; *Buchanan* v. *Litchfield,* 102 id. 278 ; *Humboldt Township* v. *Long,* 92 id. 642 ; *Town of Coloma* v. *Eames,* id. 642 ; *Lynde* v. *County,* 16 Wall. 13 ; *Walnut* v. *Wade,* 103 U. S. 683.

*Bona fide* holders of bonds are not bound to look beyond the recitals and legislative enactments in force when they are issued.    They are negotiable instruments, and are subject to the commercial laws of the country.    *Wade* v. *Walnut,* 103 U. S. 683 ; *Gilpecke* v. *Dubuque,* 1 Wall. 206 ; *County of Warren* v. *Marcy,* 97 U. S. 103 ; *Roberts* v. *Bolles,* 101 id. 129 ; *Pine Grove* v. *Talcott,* 19 Wall. 666 ; *Livingstone* v. *Darlington,* 11 Otto, 410.

Messrs. SKINNER & BROTHERS, and Mr. H. M. TRIMBLE, for the appellee :

Municipal bonds issued without authority are void, and there can be no innocent holders of them.    *Burr* v. *Carbondale,* 76 Ill. 455 ; *Town of Middleport* v. *Life Ins. Co.* 82 id. 562 ; *Lippincott* v. *Town of Pana,* 92 id. 24 ; *Barnes* v. *Town of Lacon,* 84 id. 461 ; *Hewitt* v. *School District,* 94 id. 528.

When there is an entire absence of power, the recitals of those invested with the ministerial duty of issuing municipal bonds will afford no protection to even *bona fide* holders for value of such bonds; and such holders are bound to take notice of the want of authority to issue them. *Williams* v. *Town of Roberts*, 88 Ill. 11; *Lippincott* v. *Town of Pana*, 92 id. 24.

Municipal corporations, unless authorized by law, have no power to make and place in the market commercial paper; and there is no presumption that such paper has been issued within the scope of their power, as is the case with corporations created for business purposes. *Hewitt* v. *School District*, 94 Ill. 528; *Board of Education* v. *Taft*, 7 Bradw. 571.

The doctrine of estoppel can not evade or nullify the constitutional inhibition of July 2, 1870. Bonds issued without authority being void, the mere levy of taxes, and payment of interest on them, will not render them valid; and such payment of taxes can not amount to an estoppel of a void act. *Schæffer* v. *Bonham*, 95 Ill. 381; *Supervisors* v. *Cook*, 38 id. 44; *Schuyler County* v. *People*, 25 id. 163; *Lippincott* v. *Town of Pana*, 92 id. 24.

The municipality has no power to ratify void bonds by payment of interest thereon, so as to bind the tax-payer. It is only an act defectively done under authority that may be ratified. *Town of Pana* v. *Lippincott*, 2 Bradw. 466; *Supervisors* v. *Cook*, 38 Ill. 44; *Schæffer* v. *Bonham*, 95 id. 368.

All persons dealing in securities issued by municipal corporations, are chargeable with notice of a want of authority in their creation. *Supervisors* v. *Cook*, 38 Ill. 44; *McClure* v. *Oxford*, 94 U. S. 432; *Marsh* v. *Fulton County*, 10 Wall. 676.

The section of the constitution of this State relating to "municipal subscriptions to railroads or private corporations," took effect on July 2, 1870; and all such subscriptions or donations not authorized by a vote of the municipality prior

to that date, are void.  *Schall* v. *Bowman*, 62 Ill. 321; *Richards* v. *Donagho*, 66 id. 74; *Wright* v. *Bishop*, 88 id. 302.

This "municipal aid" provision took effect on July 2, 1870. *County of Randolph* v. *Post*, 93 U. S. 508.

The new constitution of the State, which came into operation on the 2d of July, 1870, annulled, we think, the power of municipalities to make donations to railroad companies. *Town of Concord* v. *Savings Bank*, 92 U. S. 629.

The bondholder is required to inquire whether a subscription had been made prior to July 2, 1870, and he is bound to know the authority to issue such bonds terminated on that day.  *County of Moultrie* v. *Savings Bank*, 92 U. S. 636.

"We are therefore compelled to hold that the subscription of the town of East Oakland had not been authorized under existing laws, by a vote of the people, prior to July 2, 1870. * * * Where there is a total want of authority to issue the bonds, there can be no such thing as a *bona fide* holding." *East Oakland* v. *Skinner*, 94 U. S. 258.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The declaration in this case describes the bonds in suit, and from that description it appears the bonds show, on their face, they were issued by virtue of the charter of the Illinois Grand Trunk railway, and amendments thereto, and other laws of the State of Illinois, and in accordance with the vote of the electors of such township at the special election held August 6, 1870, in accordance with such charters and amendments and laws.  Since the adoption of the present constitution of this State, all subscriptions or donations attempted to be made by any municipal corporation, in aid of a railroad or other private corporation, are forbidden absolutely, and all bonds issued by such corporation for any such purpose are absolutely void, even in the hands of a purchaser for full value.  The bonds in suit were voted and issued by the town since the "municipal aid" provision of the constitution took

effect, and that being so, there was then a total want of
authority in the town either to vote or issue such bonds.
This court decided in *Schall* v. *Bowman*, 62 Ill. 321, that the
separate article of the constitution of 1870 of this State
which forbids, absolutely, a municipal corporation to become
subscriber to the capital stock of any railroad or private cor-
poration, or make donation to or loan its credit in aid of
such corporation, having been submitted, with other separate
articles, to a vote of the people, separately from the main
body of the constitution, and adopted by the people, became
a part of the organic law of the State from and after the
second day of July, 1870, and a constituent part of the same
*eo instanti*. This decision has been followed by this court in
*Richards* v. *Donagho*, 66 Ill. 73, and *Wright* v. *Bishop*, 88
id. 302. It has also been followed by the United States
Supreme Court in *Wade* v. *Walnut*, 105 U. S. 1, and in other
cases in that court, and this court has no inclination to re-
consider the principal case. It will be regarded the separate
article of the constitution took effect on the second day of
July, 1870, and no further discussion of that question need
be had.

It is conceded there can be no *bona fide* holding of muni-
cipal bonds where there was no power in the municipality
for the vote or contract at the time it was taken or made.
But to avoid this objection, it is said there was ample legis-
lative power existing in this case at the time the vote was
taken, to enable the municipality to vote the bonds, and that
it was never abrogated until the announcement of the deci-
sion in *Schall* v. *Bowman*,—which was some years after the
vote was taken. There is no warrant for assuming there
were any existing laws under which the town of La Moille
could vote aid to the railroad company, either by donation
or subscription, on the 6th day of August, 1870, when the
bonds in suit were voted. Nor is it correct to say the deci-
sion in *Schall* v. *Bowman* abrogated any laws on the subject

of municipal aid to railroads or other private corporations. It simply declared the separate article of the constitution in relation to municipal aid to such corporations, took effect on the second day of July, 1870. That being so, there was then no law that authorized the vote taken on the 6th of August, 1870. All previous laws that had authorized municipal corporations to vote aid to railroad or other private corporations, by donation or subscription, had ceased and become inoperative before the vote in this case was taken.

Elaborate arguments have been made on every phase of this case, but the facts, about which there is no controversy, bring it so clearly within the scope of the previous decisions of this court, the questions made are not considered open for discussion.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY did not participate either in the consideration or decision of this case.