SAM CASEY *et al.*

*v.*

THE PEOPLE *ex rel.* F. E. Patton, Collector.

*Filed at Mt. Vernon April 22, 1890.*

1. MUNICIPAL SUBSCRIPTION—*to capital stock of railroad—on condition of locating shops—legality of the vote.* An election in a township was ordered by the town clerk and supervisor, to vote on the question whether such town should subscribe $10,000 to the capital stock of a railway company named, payable in bonds issuable when the company

should have located and constructed its machine and other shops within the town at an expense of not less than $25,000 : *Held,* that a vote in favor of the proposition was legal, and authorized a subscription to the capital stock of the railway company, but not one to aid in the erection of shops.

2. The fact that in such case the vote was upon the condition that the machine and other shops should be located and erected in the town, and the subscription may have been made on that condition, did not affect the right to subscribe to the capital stock of the railway company.

3. Municipal bonds—*on vote after July 2, 1870.* Municipal bonds of a town issued upon a subscription to the capital stock of a railroad company, under a vote of the people at an election held after July 2, 1870, are void.

Appeal from the County Court of Jefferson county ; the Hon. W. T. Pace, Judge, presiding.

Mr. C. H. Burton, for the appellants.

Mr. W. H. Green, for the appellee.

Mr. Justice Craig delivered the opinion of the Court :

The separate article of the constitution of 1870 which forbids a municipal corporation from making a subscription or donation to a railroad corporation, became a part of the organic law of the State on July 2, 1870, and municipal bonds of a town issued under a vote of the people of the town at an election held after that date, are void. (*Wade* v. *Town of La Moille,* 112 Ill. 79.) From this view of the law it follows that the decision of the county court refusing to render judgment against objectors' lots for a tax levied to pay interest on the bonds voted July 16, 1870, was right. This disposes of the cross-errors assigned on the record.

The tax levied to pay interest on the ten $1000 bonds voted on the 6th day of June, 1870, was sustained by the county court, and judgment rendered against objectors' lots for the amount assessed against them, respectively, and this decision is assigned as error. Section 15 of an act entitled "An act to

incorporate the St. Louis and Southeastern Railroad Company
(3 Private Laws 1869, p. 242,) provides : "The several counties
in which any part of said railway may be located, or that may
lie on or near the line of the railway, and the several townships
in such counties which have adopted township organization,
and the cities and incorporated towns in the said counties, are
hereby authorized to subscribe and take stock in said com-
pany, upon the application of said company, for such an
amount as they may think proper, payable in bonds, lands
or right of way, and subject to such agreements and stipu-
lations as to the route of said railway, time of delivery and
payment of the bonds as may be agreed upon." The section
contains a proviso that no subscription shall be made until
after the question of subscription shall have been submitted
to a vote of the municipality, at an election ordered for that
purpose.

It appears from the evidence introduced on the hearing, that
at a meeting of the town board of Mt. Vernon township, on
April 29, 1870, the following proceedings were had and re-
corded : "A petition of twenty-five legal voters having been
presented to the supervisor and town clerk, praying that an
election be held on the 6th day of June, 1870, on the question
of subscribing $10,000 by said township to the capital stock
of the St. Louis and Southeastern Railway Company, payable
in bonds of said township, upon condition that said railway
company locate and construct its work-shops at Mt. Vernon,
Illinois, an election was ordered by the supervisor and town
clerk, to be held on June 6, 1870, on the question of said
township subscribing $10,000 to the capital stock of the said
St. Louis and Southeastern Railway Company, payable in the
bonds of said township, bearing eight per cent interest, pay-
able semi-annually, when said company shall have located and
constructed its engine-houses, machine and other work-shops
at said town of Mt. Vernon, at an expense of not less than
$25,000." In pursuance of the order, an election was held,

resulting in favor of the proposition submitted, and in pursuance of the vote, the bonds were subsequently issued. On July 1, 1887, the ten bonds were retired by the issue of ten new bonds, all dated July 1, 1887.

It is claimed in the argument, that the town of Mt. Vernon had no power to issue bonds for the purpose of procuring the erection of shops in the town. It may be conceded that the town could only incur a debt for a corporate purpose, and if the bonds had been issued in payment of a subscription made for the purpose, merely, of erecting shops, or for any mere private enterprise, they would not be binding on the town. (*Mather* v. *City of Ottawa*, 114 Ill. 659.) But this was not a subscription to aid in the erection of shops. It was a subscription to the capital stock of a railroad company, presumably to be used in the construction of the contemplated road. Under the charter of the company, the town, upon a vote of the people of the town, had a right to take stock in the corporation, and issue its interest-bearing bonds in payment of the subscription. The fact that the vote may have been upon the condition that shops should be erected in Mt. Vernon, and the subscription made upon that condition, does not affect the question. The town, after the vote, had the right to take stock in the railroad company, and they had the right to impose such reasonable conditions as might be agreed upon between the town authorities and the railroad company.

We think the bonds were binding obligations on the town, and the decision of the county court rendering judgment against appellants' lots for taxes levied to pay interest thereon was right, and it will be affirmed.

*Judgment affirmed.*